**SIGNED THIS: March 06, 2008**

_____
GERALD D. FINES
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JAMES EARL ROSE, | ) | Bankruptcy Case No. 05-94897 |
| | ) | |
| Debtor. | ) | |
| | | |
| MERCANTILE NATIONAL BANK OF INDIANA, as Trustee, J. R. CONSTRUCTION CO., and JOSEPH RAMACCI, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Adversary Case No. 06-9024 |
| JAMES EARL ROSE, | ) ) ) | |
| Plaintiff. | ) | |

OPINION

This matter having come before the Court on a Motion to Dismiss Plaintiffs' Amended Adversary Complaint Pursuant to Federal Bankruptcy Procedure Rule 7012(b)(6) and Federal Civil Procedure Rule 12 filed by the Defendant, Plaintiffs' Response to Motion to Dismiss Adversary Complaint, and Reply to Plaintiffs' Response to Debtor's Motion to Dismiss Adversary Complaint; the Court, having heard arguments of counsel and reviewed the written memoranda of the parties and being otherwise fully advised in the premises,

makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Findings of Fact

The facts at issue relate back to a 1994 transaction between the Plaintiff, Mercantile, and J-N Utility. The Debtor and Robert Underwood (Underwood) were shareholders in J-N Utility, an Indiana sub-S corporation, which carried out business as a public utility company. Since 1978, J-N Utility had agreed to provide sewage disposal for a development owned by Mercantile. In 1994, the Plaintiff applied for a sewer and water connection. J-N Utility denied the application on the grounds that the Plaintiff fraudulently misrepresented the required water usage on their application. J-N Utility could not grant Mercantile's application because the sewage quantity of the restaurant exceeded J-N Utility's capacity.

On December 1, 1995, Mercantile filed a civil lawsuit against J-N Utility in the Newton Superior Court. See Mercantile Nat'l. Bank of Hammond v. Jasper Newton Utility Co., Cause No. 56-D01-9512-CP-44. Mercantile sought damages for J-N Utility's refusal to provide this sewer connection and against J-N Utility.

The case was assigned to Judge Daniel J. Molter. J-N Utility successfully moved for a change of judge. In 1996, Judge Small became trial court judge. Judge Small heard the trial, but, before he could rule on the case, he died. The case returned to Judge Molter's courtroom, whereupon J-N Utility's change of venue motion was denied. On May 21, 1999, the bench trial was held before Judge Molter, and, on November 15, 2001, he entered a judgment in Mercantile's favor in the amount of $159,581.

After public hearings and approval by the Indiana Utility Commission, J-N Utility was sold to Water Services Company of Indiana, Inc. (WSCI) for $475,000, on December 18, 2001. At the sale, Debtor and Underwood individually executed an indemnity agreement in favor of the purchaser WSCI. Pursuant to this agreement, the Debtor and Underwood jointly and severally agreed to indemnify and hold harmless the WSCI from any and all

2

liabilities, claims, damages, penalties, causes of action and other costs and expenses imposed or incurred by reason of the Plaintiff's lawsuit. Upon completion of the sale and on advice of its accountant and attorneys, J-N Utility transferred $237,500 to each of the shareholders of J-N Utility.

On January 18, 2002, J-N Utility filed its Notice of Appeal to the Indiana Court of Appeals on the sewer connection case.

While the appeal was pending, in March 2002, Mercantile moved for proceedings supplemental to collect on the judgment. In November 2002, Mercantile sought to recover from the Debtor and Underwood, as recipients of the proceeds of sale of J-N Utility, and WSCI, claiming that the J-N Utility transfer was fraudulent under Indiana's Uniform Fraudulent Transfer Act. Ind. Code 32-18-2-17. Mercantile filed this complaint for relief in aid of execution on judgment against J-N Utility.

On February 12, 2003, the appellate court affirmed the trial court's ruling on the underlying sewer connection case.

On July 23, 2003, the Debtor and Underwood tendered $181,300 to the Clerk of the Court. These funds represented the amount of the judgment affirmed by the Appellate Court, plus interest as calculated by the Debtor's and Underwood's attorney. The following day, Judge Molter granted summary judgment to Mercantile and against the WSCI, determining that the transfer by J-N Utility violated Indiana Code §32-18-2-17. Judge Molter calculated the damages at $180,811.83, which he stated represented the original judgment amount plus statutory interest.

Though the judgment had been satisfied, Judge Molter allowed Mercantile to pursue an additional action against the Debtor and Underwood in the proceeding supplemental under the Indiana Crime Victims Compensation Act (CVCA). Ind. Code 34-24-3-1. On March 24, 2004, Judge Molter held a bench trial on the Mercantile's claims, Including the CVCA claim. Judge Molter entered a judgment for Mercantile under the Fraudulent Transfer Act and

3

awarded Mercantile treble damages, which the Court permitted under the CVCA despite the fact that the underlying judgment had been paid in full. The Debtor and Underwood were ordered to pay $542,435.49 in treble damages and $162,730 in attorneys' fees to the Plaintiff.

The Indiana Supreme Court, in slip opinion No. 56S03-0608-CV-303, affirmed that the transfer of funds from J-N Utility to the Debtor and Underwood was recoverable to pay the judgment under the Fraudulent Transfer Act, but overturned the fee award. <u>Mercantile Nat'l. Bank of Hammond v. Rose & Underwood</u>, Cause No. 56-D01-9512-CP-44 Slip Opinion No. 56S03-0608-CV-303 (Ind. 2007). The Indiana Supreme Court overturned the CVCA judgment which trebled damages, stating that Mercantile's adding a cause of action to a post-judgment collection proceeding was impermissible, stating that the law required a commencement of a new action not just adding this onto post-judgment collection proceeding. Additionally, the Court noted that two separate payments needed to be paid by the Debtor and Underwood: that of an outstanding contempt award and the aforementioned additional interest. Both of these payments were promptly tendered to the respective creditors upon the Court's ruling in the Summer of 2007.

In its Amended Complaint before this Court, Plaintiff, Mercantile, has reasserted its claim for treble damages and attorneys' fees under Ind. Code §34-24-3-1, together with a request that those damages and attorneys' fees be found non-dischargeable pursuant to the provisions of 11 U.S.C. §§523(a)(2)(a) and 523(a)(6).

Conclusions of Law

In determining whether Plaintiff is entitled to an award of treble damages and attorneys' fees under the Indiana Crime Victims Compensation Act, Ind. Code §34-24-3-1, the Court must apply Indiana law. In so doing, the Court finds that the Statute of Limitations bars such a claim, and that no action has been taken by the Plaintiff to toll the Statute of Limitations.

As noted above, the Indiana Supreme Court overturned the Indiana Crime Victims Compensation Act judgment, which ordered attorneys' fee and treble damages, finding that the manner in which the claim was raised was impermissible, and that the law required commencement of a separate action under the CVCA.  The filing of the instant adversary proceeding was the Plaintiff's first attempt to bring a new and separate action under the CVCA, and the Court finds that the action is not timely.  Pursuant to Indiana law, a claim under the CVCA is penal in nature, and, thus, a two-year Statute of Limitations applies. Clark v. University of Evansville, 784 N.E.2d 942 (Ind. Ct. App. 2003).  The two-year Statute of Limitations has long expired, and this Court finds that the impermissible post-judgment action taken by the Plaintiff to raise a claim under the CVCA in the Indiana State Courts did not toll that Statute of Limitations.

In an attempt to avoid the two-year Statute of Limitations, Plaintiff asserts that, under Indiana's Journey's Account Statute, Ind. Code §34-11-8-1, the Statute of Limitations does not expire until the year 2010.  In reviewing this Statute, the Court finds that it completely agrees with the argument asserted by the Defendant in his Reply to Plaintiffs' Response to Debtor's Motion to Dismiss Adversary Complaint.  In order to claim the saving power of the Journey's Account Statute, the Plaintiff must have:  (1) commenced an action; (2) failed in that action for any cause except, among other reasons, negligence in the prosecution of the action; and (3) brought their action not later than three years after the date of the determination of the original action.  This Court finds that the Plaintiff did not properly commence an action in the Indiana State Court, as was pointed out by the Indiana Supreme Court when it found that the trial court judge had "improvidently" permitted the Plaintiff to amend the proceedings supplemental complaint to add the CVCA claim.  The Indiana Supreme Court further found that this was improper and that a new cause needed to have been filed to receive a new judgment. The Indiana Supreme Court further stated that Plaintiff should have filed a new complaint with a new cause number and that that would have been

the legally appropriate commencement of a CVCA claim. The Plaintiff never filed a new complaint with a new cause number, and, therefore, have not met the requirements for commencing an action in order to apply Indiana's Journey's Account Statute under Ind. Code §34-11-8-1.

      There is no dispute that the Defendant has paid his portion of the original Indiana judgment. The only dispute exists as to the finding of treble damages and attorneys' fees. Given that an action under the Indiana Crime Victims Compensation Act is barred by the Statute of Limitations, there can be no basis for such an award. Since the Court is unable to make such an award of damages, the determination of the dischargeability of those damages is impossible. Based upon these facts, the Court must conclude that the Defendant's Motion to Dismiss Plaintiffs' Amended Adversary Complaint Pursuant to Federal Bankruptcy Procedure Rule 7012(b)(6) and Federal Civil Procedure Rule 12 must be allowed.

###